In the Matter of the Estate of CONRAD HAMMER, SR., Deceased.

Surrogate's Court, Erie County, June 17, 1932.

*George C. Riley* for Anna Ehlert and Mary R. Stein, as administrators with the will annexed of the estate of Conrad Hammer, Sr.

*Kenefick, Cooke, Mitchell, Bass & Letchworth* [*Thomas R. Wheeler* of counsel], for The Marine Trust Company of Buffalo, respondent.

HART, S.   Conrad Hammer, Sr., late of the city of Buffalo, Erie county, N. Y., deceased, died in said city of Buffalo on March 9, 1915, leaving a last will and testament dated November 29, 1912, which was admitted to probate by this court on March 23, 1915, and letters testamentary thereunder issued to Anna Maria Hammer, John Hammer, Conrad Hammer, Jr., and Robert F. Schelling, the executors and trustees named in said will.

Pursuant to the provisions of said will the entire estate of said decedent was given to said executors and trustees for the use and benefit of the widow, Anna Maria Hammer, during the term of her life, and on her death the survivors were directed to make distribution of the principal thereof.   All of said executors and trustees qualified and letters testamentary were issued to them on the date of the probate of said will.

Robert F. Schelling continued to act as such executor and trustee until the date of his death, which occurred on December 17, 1916.

After the death of the said Robert F. Schelling who, during his lifetime, was the active executor and trustee, Conrad Hammer, Jr., and John Hammer, with the consent of the other executor, Anna Maria Hammer, deposited the funds of the said estate in the Buffalo Trust Company of Buffalo, N. Y., and opened an account in said trust company in the name of the estate of Conrad Hammer, Sr., subject to the check of John Hammer, executor, to be countersigned by Conrad Hammer, Jr., executor, the said Anna Maria Hammer, the other surviving executor, having by an instrument in writing consented to such arrangement.

On April 10, 1922, on account of failing health, John Hammer turned over to Conrad Hammer, Jr., the collection of rents and charge of the real property of said decedent, and by arrangement with Conrad Hammer, Jr., his coexecutor, they decided to transfer some of the funds from the Buffalo Trust Company to other banks for purposes of security, and for that purpose John Hammer placed his name with the said Conrad Hammer, Jr., on a card used for a signature card by the Marine Trust Company of Buffalo, and also signed a card used as a signature card by the Citizens Trust Company of Buffalo, and at the same time signed a check on the funds of the estate on deposit in the Buffalo Trust Company on April 10, 1922, for the sum of $20,000 payable to cash, which said check was countersigned by Conrad Hammer, Jr., the other active executor; that thereupon said Conrad Hammer, Jr., took said check for $20,000 to the Marine Trust Company of Buffalo and met Percy W. Darby, a vice-president of said the Marine Trust Company, and deposited $10,000 of the fund represented by said $20,000 check in an account in Marine Trust Company of Buffalo in the name of the estate of Conrad Hammer, Sr., which, so far, was in accordance with an agreement with his coexecutor, John Hammer, and signed a signature card with his name only, not turning over to said the Marine Trust Company of Buffalo the signature card jointly signed by the other executor, John Hammer, which it had been agreed would be used for such deposit, and at the same time procured from the Marine Trust Company of Buffalo an official check for the sum of $10,000, payable to his order as executor, and deposited said official check in the Citizens Trust Company of Buffalo in an account in the name of the estate of Conrad Hammer, Sr., which deposit, so far, was in accordance with the agreement with his coexecutor, John Hammer, but subject to the order of Conrad Hammer, Jr., as executor, and did not present to the Citizens Trust Company the signature card of said trust company signed by his coexecutor, John Hammer. No effort was made by either of said trust companies to procure any official proof of his authority to act as such executor or to ascertain whether there were other

executors or trustees, or to procure authorization from the other executors and trustees to allow withdrawals from said accounts on the sole signature of Conrad Hammer, Jr., executor.

The present proceeding is a special proceeding under section 205 of the Surrogate's Court Act to recover a portion of the funds represented by these two deposits, and interest thereon, which, it is alleged in the supplemental petition of Anna Ehlert and Mary R. Stein, administrators c. t. a. of the estate of Conrad Hammer, Sr., were withdrawn from said account and misappropriated by the said Conrad Hammer, Jr., and used for his own purposes, and not for the benefit of said estate, which said supplemental petition was presented to this court on the 21st day of March, 1932, and prior thereto and on March 3, 1932, due demand on behalf of said estate was made on said the Marine Trust Company of Buffalo for payment of said sum, with interest, and an answer to said petition was filed by the Marine Trust Company of Buffalo on the 12th day of April, 1932, and an amended answer on the 25th day of May, 1932, which raised the issues to be determined in this proceeding.

It appears that on October 7, 1924, Conrad Hammer, Jr., executor, drew a check against the funds in the Marine Trust Company of Buffalo, on deposit in said estate account, in the sum of $7,500, to the order of Frank A. Heisz, which check, at the request of said Conrad Hammer, Jr., was duly certified by said the Marine Trust Company of Buffalo, and which purported to be indorsed by the said payee, and was indorsed by Conrad Hammer, Jr., and deposited in the personal account of the said Conrad Hammer, Jr., in the Buffalo Trust Company of Buffalo. It appears as a matter of fact that the indorsement of said Frank A. Heisz on said check was a forgery.

On November 5, 1924, the said Conrad Hammer, Jr., as executor, drew a check on said funds of said estate so on deposit in the Marine Trust Company of Buffalo, N. Y., in the sum of $2,000, payable to the order of Frank A. Heisz, which said check, at the request of said Conrad Hammer, Jr., was duly certified by said the Marine Trust Company of Buffalo, and purported to have been indorsed by the said Frank A. Heisz, and was indorsed by Conrad Hammer, Jr., and deposited to his account in the Buffalo Trust Company, it appearing as a matter of fact that the indorsement of said Frank A. Heisz on said check was a forgery, and both of said checks paid out of the funds of said estate by the Marine Trust Company of Buffalo.

It also appears that on November 16, 1925, the said Conrad Hammer, Jr., as executor, drew a check on the funds of said estate on deposit in the Marine Trust Company of Buffalo, payable to

cash, in the sum of $500, which said check bears no indorsement and was cashed over the counter by said the Marine Trust Company of Buffalo, the said money being paid to Conrad Hammer, Jr., personally, and that the personal account of Conrad Hammer, Jr., in the Buffalo Trust Company shows a deposit of a like amount of $500 on the same day.

On August 13, 1924, the said Conrad Hammer, Jr., executor, drew a check to the order of Frank A. Heisz on the funds of said estate on deposit with the Citizens Trust Company, main office, in the sum of $5,000, which said check, at the request of said Conrad Hammer, Jr., was duly certified by said the Marine Trust Company of Buffalo, Citizens Branch, the Citizens Trust Company of Buffalo having merged with the Marine Trust Company of Buffalo and then being a branch of said the Marine Trust Company of Buffalo, which said check purports to be indorsed by the said Frank A. Heisz and was indorsed by Conrad Hammer, Jr., and deposited in his personal account in the Buffalo Trust Company, it appearing as a matter of fact that the indorsement of said Frank A. Heisz on said check was a forgery, and said check was paid out of the funds of said estate on deposit in the Citizens Branch of the Marine Trust Company of Buffalo to the credit of said estate.

Again on October 7, 1924, the said Conrad Hammer, Jr., executor, drew a check to the order of Frank A. Heisz on the funds on deposit in the Citizens Branch of the Marine Trust Company of Buffalo, N. Y., in the sum of $2,500, which check purported to be indorsed by the said Frank A. Heisz, and was indorsed by the said Conrad Hammer, Jr., which check was duly certified by the Citizens Branch of the Marine Trust Company of Buffalo at the request of Conrad Hammer, Jr., and deposited in his personal account in the Buffalo Trust Company, it appearing as a matter of fact that the indorsement of said Frank A. Heisz on said check was a forgery, and said check was paid by the Marine Trust Company of Buffalo and charged against the funds of said estate in said account.

It further appears that on November 5, 1924, the said Conrad Hammer, Jr., executor, drew a check against the funds on deposit in the Citizens Branch of the Marine Trust Company of Buffalo in the sum of $2,000, to the order of the said Frank A. Heisz, which said check was duly certified by said trust company at the request of Conrad Hammer, Jr., and purported to be indorsed by the said Frank A. Heisz, and was indorsed by the said Conrad Hammer, Jr., and deposited to the personal account of the said Conrad Hammer, Jr., in the Buffalo Trust Company, it appearing as a matter of fact that the indorsement of said Frank A. Heisz on said check was a forgery and said check was paid by the Citizens Branch of the

Marine Trust Company of Buffalo out of the funds in said trust company so on deposit to the credit of this estate.

It also was shown that on November 21, 1925, the said Conrad Hammer, Jr., executor, drew a check payable to the order of cash, in the sum of $1,000 on the funds of said estate on deposit in the Citizens Branch of the Marine Trust Company of Buffalo, which said check was paid to the said Conrad Hammer, Jr., over the counter, and charged against the funds of said estate on deposit in said trust company, and a like amount was deposited by the said Conrad Hammer, Jr., in his personal account in the said Buffalo Trust Company on said date.

None of the funds herein enumerated withdrawn from the accounts of said estate in said trust companies were used for the benefit of said estate, nor were they proper or necessary withdrawals for the use of said estate, but all of the amount of $20,500 so withdrawn from said accounts was misappropriated by the said Conrad Hammer, Jr.

It further appears from the testimony before us that on the death of the widow, Anna Maria Hammer, on January 29, 1927, pressure had been brought to bear on Conrad Hammer, Jr., to compel him to render his account as executor, the heirs after her death being entitled to a distribution of the principal of said estate. A meeting had been arranged at his home for a final showdown on the morning of March 20, 1927, at which time he was to be notified, unless he voluntarily settled his account, that a proceeding would be brought against him to compel him to do so. On that morning he was found dead in his garage from monoxide poisoning, and later John Hammer, the other surviving executor, began an investigation of said bank accounts, and discovered that these large sums had been withdrawn from the two large depositories, and that there remained only a small balance of the funds which should have been on deposit in said banks to the credit of said estate.

In about April, 1927, these checks, referred to hereinabove as the Heisz checks, were discovered, and also the fact of the forged indorsement, also the checks which are payable to cash and were paid to the said Conrad Hammer, Jr., personally. And amongst the papers of the said Conrad Hammer, Jr., were found the two signature cards signed by John Hammer, Ex., and Conrad Hammer, Jr., Ex., and also all of the canceled checks, except two, which remain in the custody of the Marine Trust Company of Buffalo, N. Y., and also a further paper or memorandum which reads as follows:

"11/5/24

"On demand I promise to pay to C. Hammer Sr. Estate Nineteen Thousand Dollars ($19,000.00) with interest.

"(Signed) CONRAD HAMMER, JR."

It appears from the evidence before us that it was gross negligence on the part of the banks of deposit, the Marine Trust Company of Buffalo and the Citizens Trust Company of Buffalo, to permit the said Conrad Hammer, Jr., to withdraw such funds from said estate accounts, resulting in these large defalcations of the funds of this estate, said trust companies having utterly failed to require any proof of the right or authority of Conrad Hammer, Jr., to act as sole executor. It was testified by one of the officers of said the Marine Trust Company of Buffalo that he treated said check on the Buffalo Trust Company in the sum of $20,000, payable to cash, as if it were so much cash, and would have deposited the same to the credit of any person or party designated by the then holder thereof, Conrad Hammer, Jr., and he attempts to justify such withdrawals from the fact that said check was so payable to cash. As a matter of fact the deposit of the funds of said estate, represented by said check, was made in the name of the estate of Conrad Hammer, Sr., and an official check in the sum of $10,000 given, payable to the order of Conrad Hammer, Jr., executor, which was then deposited in the Citizens Trust Company in the estate of Conrad Hammer, Sr., thus identifying these funds as trust funds of said estate, both accounts being made by said banks subject to the withdrawal of Conrad Hammer, Jr., and no effort being made by either of said trust companies to verify his authority to withdraw from said accounts.

I am, therefore, of the opinion that the Marine Trust Company of Buffalo, N. Y., with whom the Citizens Trust Company of Buffalo was duly merged, having permitted such withdrawals of said estate funds on said " Heisz " checks, and on the sole signature of Conrad Hammer, Jr., is responsible to this estate in the sum of $20,500, with interest thereon from the beginning of the quarter year in which said checks were drawn, to be compounded quarterly at the usual bank rate for special interest deposits, as provided in the contracts of deposit, and as of April 1, 1932, the end of the quarter year in which formal demand for payment was made, amounting to $27,346.61, which said amount should bear interest from April 1, 1932, to date of payment, at the rate of six per cent per annum.

A decree may enter accordingly, directing the Marine Trust Company of Buffalo, N. Y., to restore said funds to the credit of this estate by paying said amount to Anna Ehlert and Mary R. Stein, as administrators with the will annexed of said estate.